FRANCESCHI ET AL., DEMANDANTES Y APELADOS, *v.* TRUJILLO Y MERCADO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre aseguramiento de sentencia.

No. 1650.—Resuelto en julio 9, 1918.

RESTITUCIÓN DE FRUTOS, RENTAS Y COSECHAS.—En este caso la corte inferior dictó sentencia ordenando que los demandados reintegrasen a los demandantes la hacienda "Rufina" según se describe en la sentencia, y declaró sin lugar la demanda en cuanto a la rendición de cuentas de todos los frutos, rentas y cosechas producidos por la finca hasta el día del fallo, como también en cuanto a la restitución de dichos frutos y rentas.

A petición de los demandantes, la corte sentenciadora dictó resolución acordando alternativamente: la prohibición de enajenar las mejoras introducidas en la hacienda "Rufina" y retirarlas del fundo mientras esté pendiente el pleito, (sin obligación de prestación de fianza por parte de los demandantes); o el embargo de cualesquiera otros bienes que no sean las mejoras (previa prestación de fianza por $50,000).

Habiendo sido apelada dicha resolución por Trujillo y Mercado, el tribunal resolvió:

Que negándose en la sentencia de marzo 28, 1916, la restitución de frutos, rentas, y cosechas producidos hasta entonces por la hacienda "Rufina," si desde esa fecha los demandantes creen tener algún derecho sobre tales frutos, rentas y cosechas, como la sentencia no hizo declaratoria alguna sobre tales particulares, es evidente que no procede dictar medida alguna para asegurar semejante derecho, aún en el supuesto de que lo tengan los demandantes.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Antonio F. Castro.*

Abogado de los apelados: *Sr. Eduardo Flores Colón.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En el caso civil No. 4313 seguido ante la Corte de Distrito de Ponce por Alejandro Franceschi *et al., v.* Trujillo & Mercado hoy Mario Mercado e Hijos sobre reivindicación de una hacienda de cañas de azúcar denominada "Rufina," radicada en los barrios del "Pueblo" y de los "Indios,"

jurisdicción de Guayanilla, dicha corte dictó sentencia en 28 de marzo de 1916 por la cual decreta que la parte demandada reintegre a los demandantes la expresada hacienda, con las partes constituyentes de la misma, según se describe en la sentencia, y declara sin lugar la demanda en cuanto a la rendición de cuentas de todos los frutos, rentas y cosechos producidos por la finca hasta el día del fallo, como también en cuanto a la restitución de dichos frutos y rentas.

En 25 de agosto de 1916 la representación de los demandantes presentó a la mencionada corte moción de aseguramiento de sentencia con súplica de que se decretara el embargo de bienes de los demandados, suficientes a cubrir la suma que a su juicio pueda responder de la reclamación de los demandantes, alegando al efecto que la demanda había sido radicada en 30 de enero de 1915 y pronunciada sentencia en 28 de marzo de 1916; que en dicha sentencia la corte declaró que la demandada no venía oligada a devolver frutos y rentas por el tiempo que duró la posesión de la finca sin ser interrumpida; que de acuerdo con las disposiciones de los artículos 453, 1844 y 1846 del Código Civil vigente los demandantes tienen derecho a percibir los frutos y rentas de la finca en litigio, la cual dió en el cosecho de 1915 un rendimiento líquido de más de $50,000, ascendiendo a igual suma el cosecho pendiente; y que para asegurar la efectividad de la sentencia se hace necesario que la corte ordene preventivamente el embargo de bienes suficientes para cubrir el importe de las rentas y frutos producidos y por producir de la finca descrita en la demanda. Cita la parte en apoyo de su moción las secciones 1ª. y siguientes de la ley para asegurar la efectividad de sentencias, según quedó enmendada por la Ley No. 27 de abril 13 de 1916.

A la anterior moción se opuso la sociedad Trujillo & Mercado invocando entre otros como motivos de su impugnación que la sociedad Trujillo & Mercado había introducido en la hacienda ''Rufina'' con anterioridad a la sentencia dictada en el pleito, y aun antes de la demanda, varias mejoras útiles

y necesarias, que enumera, por valor de $350,000, y que la Corte de Distrito de Ponce en su sentencia de 28 de marzo de 1916 declaró sin lugar la demanda en cuanto a la rendición de cuentas y devolución de frutos por estimar que Trujillo & Mercado habían venido poseyendo la hacienda "Rufina" con buena fe durante todo el tiempo de su posesión.

La Corte de Distrito de Ponce dictó resolución en 28 de febrero de 1917, acordando dos remedios en forma alternativa, a saber: la prohibición de enajenar todas y cada una de las mejoras que existan en la hacienda "Rufina" y sacarlas de la referida finca mientras esté pendiente el pleito sin necesidad de prestación de fianza por parte de los demandantes, o el embargo de cualesquiera otros biénes que no sean las mejoras mencionadas previa prestación de fianza por la suma de $50,000, para responder a los demandados de todos los daños y perjuicios que pudieran causárseles con motivo del embargo decretado.

La corte a moción de la sociedad demandada aclaró por orden de 14 de marzo de 1917 su resolución de 28 de febrero anterior en el sentido de que las mejoras mencionadas en la parte dispositiva de dicha resolución se refieren única y exclusivamente a las mejoras permanentes que existen en la finca, exceptuando únicamente los frutos o cañas que se producen en la finca y también los productos industriales derivados de dichas cañas.

La resolución de 28 de febrero de 1917 está sometida a nuestra consideración a virtud de recurso de apelación interpuesto por la representación de Trujillo & Mercado; y por el estudio que hemos hecho de ella estimamos que no se ajusta a derecho.

La sentencia que dictó la Corte de Distrito de Ponce en 28 de marzo de 1916 se limita a ordenar que la demandada Trujillo & Mercado reintegre a los demandantes la hacienda "Rufina," con las partes constituyentes de la misma, según se describe, y por modo expreso declara sin lugar la demanda en cuanto a la rendición de cuentas de todos los

frutos, rentas y cosechos producidos por la finca hasta la fecha de la sentencia y a la restitución de dichos frutos y rentas. No contiene pronunciamiento alguno sobre las mejoras que en la hacienda "Rufina" hayan podido introducir Trujillo & Mercado desde su adquisición hasta la fecha de la sentencia.

Las alegaciones de la moción de los demandantes sobre aseguramiento de sentencia tienden a asegurar la responsabilidad de Trujillo & Mercado con relación a los frutos y rentas de la hacienda "Rufina" desde que fué interrrumpida la posesión de buena fe por el emplazamiento de los mismos para comparecer en juicio, según se desprende del texto de los artículos 453, 1844 y 1846 del Código Civil citados en la moción en la cual no se hace mención de mejoras. No hay frutos, ni rentas, ni mejoras que asegurar en virtud de la sentencia pronunciada, la cual como hemos dicho y repetimos no contiene pronunciamiento sobre semejantes particulares.

La sentencia de 28 de marzo de 1916 claramente niega a los demandantes la restitución de frutos, rentas y cosechos producidos por la hacienda "Rufina" hasta entonces, y si desde esa fecha los demandantes creen tener algún derecho sobre tales frutos, rentas y cosechos, como la sentencia no hizo declaratoria alguna sobre esos particulares, es evidente que no procede dictar medida alguna para asegurar semejante derecho aún en el supuesto de que lo tengan los demandantes.

En cuanto a las mejoras introducidas en la finca, tampoco la sentencia contiene pronunciamiento sobre ellas, y lo que es más, los mismos demandantes no hicieron en su moción alegación alguna para obtener su aseguramiento.

Es de revocarse la sentencia apelada, declarándose sin lugar la moción de los demandantes apelados para aseguramiento de sentencia.

*Revocada la sentencia apelada, declarándose
sin lugar la moción de los demandantes ape-
lados para aseguramiento de sentencia.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Al-
drey y Hutchison.